Karen Vogel Weil (SBN 145,066)
karen.weil@kmob.com
Yanna S. Bouris (SBN 228,308)
yanna.bouris@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
1901 Avenue of the Stars, Suite 1500
Los Angeles, CA  90067
Phone: (310) 551-3450
Facsimile: (310) 551-3458

Attorneys for Plaintiff,
APPLIED MEDICAL RESOURCES CORPORATION

Bruce G. Chapman (SBN 164,258)
bchapman@cblh.com
CONNOLLY BOVE LODGE & HUTZ LLP
333 South Grand Avenue, Suite 2300
Los Angeles, California 90071
Phone:  (213) 787-2500
Facsimile:  (213) 687-0498

John J. Tumilty (*pro hac vice*)
jtumilty@eapdlaw.com
Andrew T. O'Connor (*pro hac vice*)
aoconnor@eapdlaw.com
EDWARDS ANGELL PALMER & DODGE, LLP
111 Huntington Avenue
Boston, MA 02199
Phone:  (617) 239-0100
Facsimile:  (617) 227-4420

Attorneys for Defendant,
APPLE MEDICAL CORPORATION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### CENTRAL DIVISION

| | |
|---|---|
| APPLIED MEDICAL RESOURCES CORPORATION, a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE MEDICAL CORPORATION, a Massachusetts corporation,<br><br>        Defendant. | Civil Action No.<br>SACV 09-0072 JVS (RNBx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br><br><br><br>**Hon. James V. Selna** |

1   WHEREAS discovery (including answers to interrogatories and document requests and depositions) in the above-entitled action may involve the production or disclosure of trade secrets, confidential research, or sensitive commercial, financial or business information by parties to this action; and

WHEREAS counsel for all parties herein have consented to entry of this Order;

IT IS HEREBY ORDERED:

1.   (a)   As used in this Order, the term "discovery material" may encompass all information contained in documents, things, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, briefs, affidavits, and any other written, recorded, computerized electronic, transcribed or graphic matter produced by any party or obtained by any party during discovery in this Action, and any copies thereof.

(b)   "Producing party" and "designating party" include any person whether or not a party who provides discovery material.

(c)   "Action" means *Applied Medical Resources Corporation v. Apple Medical Corporation,* Case No. SACV 09-0072 JVS (RNBx), pending in the United States District Court for the Central District of California.

2.   This Order shall apply to discovery material that has been designated "Confidential" and "Attorneys' Eyes Only" pursuant to this Order.

**DESIGNATION OF DISCOVERY MATERIALS**

3.   Any party or nonparty may designate as "Confidential" or "Attorneys' Eyes Only" in the manner set forth in Paragraphs 4 and 5, infra, discovery materials that have been or will be made available in this action.

4.   A party shall use the designation "Confidential" only with respect to nonpublic discovery materials that the party reasonably and in good faith

/ / /

believes are confidential, proprietary, or which contain or constitute one or more trade secrets.

5. A party shall use the designation "Attorneys' Eyes Only" only with respect to discovery materials that the party reasonably believes qualify as "Confidential" under the terms of this Order, and contain competitively sensitive business or financial information.

## PERSONS TO WHOM DESIGNATED MATERIALS MAY BE DISCLOSED

6. Discovery material designated "Confidential" may be inspected and disclosed only to the following persons, and may be used by such persons solely for the purposes of this Action and for no other business or other purposes whatsoever:

    (a) officers, directors, or employees of the party who are responsible for instructing and/or assisting counsel in the prosecution or defense of this action, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A;

    (b) outside counsel for the parties in this action;

    (c) employees of such counsel engaged in assisting counsel in the preparation of this action, including secretaries, paralegals, and legal assistants;

    (d) court officials involved in the action, including court reporters and persons operating video recording equipment at depositions;

    (e) any person (and such person's counsel) (1) who was an author or recipient of the discovery material in question, (2) who is an employee of the employer of the author or recipient of the discovery material in question, or (3) who was an employee of the employer of the author or recipient of the discovery material in question at the time of the discovery material's creation; provided, however, that, if such person is

|   |   |
|---|---|
| 1 | not a current employee, he or she (and his or her counsel) shall be given a |
| 2 | copy of this Order and, as a condition to disclosure, must sign Exhibit A |
| 3 | hereto; and |

(f)  independent contractors, outside consultants, and experts and their staff consulted or retained by a party or by counsel for a party for the purpose of assisting in the prosecution or defense of the action, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A.

(g)  All in-house attorneys employed by parties (and/or affiliates of parties) who have responsibility for maintaining, defending, or evaluating this litigation and any employees working under their direction whose duties and responsibilities require access to such materials.

7.  Discovery materials designated "Attorneys' Eyes Only" shall be treated identically to discovery material designated "Confidential" except no individual shall be allowed access to "Attorneys' Eyes Only" material pursuant to Paragraphs 6(a) and 6(g).

8.  Before any person who is a consulting or potentially testifying expert witness may be given access to Confidential Information under Paragraph 6(f), the party seeking to provide such access must give written notice to the attorneys for the designating party of the intention to make such disclosure, providing the name, business address, and a resume of the background and qualifications of the person to whom disclosure is proposed. Within ten (10) calendar days from the service of said notice, a designating party having reasonable grounds to object to such disclosure may serve a written objection, stating the reasons for the objection. No disclosure of Confidential Information to such person may occur prior to the expiration of ten (10) calendar days from the date of service of written notice of intention to disclose unless consent is granted earlier by the designating party. In the event an

- 3 -

objection is made, counsel shall meet and confer and make a good faith effort to reach an agreement regarding the proposed disclosure. If an agreement cannot be reached, any party still seeking to make the disclosure must move for leave of Court to make the disclosure and may not make such disclosure without an order of the Court authorizing the disclosure. In the event of an objection, the party objecting to disclosure shall bear the burden to show good cause that disclosure should not be allowed. The requirement of pre-disclosure notice shall not apply to litigation consultants – such as trial consultants, graphics firms, and the like – who are retained to support outside counsel and who are not engaged in the business of designing or manufacturing medical devices.

**MANNER OF DESIGNATING MATERIALS AND TESTIMONY**

9. Any producing party may designate discovery material as "Confidential" or "Attorneys' Eyes Only" by affixing in a conspicuous place the legend "Confidential" or "Attorneys' Eyes Only" on any discovery material that it believes contains information specified in Paragraphs 3-5 above. Such designation shall, to the extent possible, be made at the time the discovery materials are produced. If, however, a producing party determines that discovery material containing information specified in Paragraphs 3-5 above has inadvertently been produced previously without a "Confidential" or "Attorneys' Eyes Only" designation, that producing party may so designate such information for going-forward purposes by providing properly marked copies of the materials to all other parties with instructions that such other parties shall either destroy or return all copies of the previously produced but undesignated materials they may have.

10. Counsel for any producing party may designate so much of any transcript of any deposition as "Attorneys' Eyes Only" or "Confidential" as contains the types of information specified in Paragraphs 3-5 above by making a statement on the record during the course of the deposition or by giving written

notice within thirty (30) days of receipt of the transcript of the deposition to the court reporter and all other parties. Until such time as the time period for making designations passes, all parties shall treat the deposition transcript as "Confidential."

11. To the extent deposition testimony, other pretrial testimony or statements are designated as "Confidential" or "Attorneys' Eyes Only" pursuant to Paragraphs 3-5 above, and to the extent discovery material designated "Confidential" or "Attorneys' Eyes Only" is disclosed, or otherwise communicated to a person in a deposition, the court reporter shall affix the appropriate legend on the face of the transcript and shall indicate in a prominent place the specific transcript pages and/or exhibits that have been designated "Confidential" or "Attorneys' Eyes Only."

12. A deponent shall not be permitted to retain copies of materials labeled "Confidential" or "Attorneys' Eyes Only" unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Order. A deponent's counsel shall not be permitted to retain any copies of "Confidential" or "Attorneys' Eyes Only" discovery material unless such counsel represents one of the parties in this action or is otherwise entitled to receive and retain such copies under the terms of this Order. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the deponent's deposition and exhibits marked or used therein for purposes of reviewing and signing the deposition, preparing to testify further in this action, or for other purposes specifically agreed to by the parties.

13. At any deposition session, when counsel for a party believes that a question or answer will result in the disclosure of information with respect to his or her client that may legitimately be designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the provisions of Paragraphs 3-5 above, counsel, at his or her option, may request that all persons except the deponent,

1  reporter, counsel for the parties, counsel for the deponent, and other individuals
2  authorized to receive disclosure, leave the deposition room during the portion of
3  the deposition that counsel believes will result in the disclosure of confidential
4  information.  The failure of any person other than the deponent, reporter,
5  counsel (including counsel for the deponent), and other individuals authorized
6  to receive disclosure to comply with a request of this type shall constitute
7  substantial justification for the objecting counsel to require that the question be
8  withdrawn pending application to the Court for an appropriate protective order.

9        14.  Producing parties may designate discovery material produced in
10  the form of electronic media, such as computer disks and tapes as
11  "Confidential" or "Attorneys' Eyes Only" in accordance with the provisions of
12  this Order.  Any hard copies generated from electronic media designated as
13  "Confidential" or "Attorneys' Eyes Only" shall be treated in the same way they
14  would be treated under this Order if they originally were produced in hard copy.
15  All persons who use or review the designated electronic media or hard copies
16  thereof shall be instructed to comply with the provisions of this Order.  Any
17  party printing hard copies from electronic media and using those hard copies
18  outside the party's own offices shall mark the hard copies as "Confidential"
19  and/or "Attorneys' Eyes Only."

## **OBJECTIONS TO DESIGNATION**

21        15.  If any party objects to a party's or nonparty's designation of
22  discovery material as "Confidential" or "Attorneys' Eyes Only," based upon a
23  good faith belief that the discovery material is not entitled to such protection,
24  counsel for the objecting person shall state the objection by letter to counsel for
25  the designating party or nonparty.  Upon receipt of the letter containing such
26  objection, counsel for the party that designated such discovery material shall
27  have ten (10) business days to confer with counsel for the objecting party and
28  respond to the request and objections.  If, at the end of the ten-day period, the

objecting and designating parties are unable to agree on the propriety of the objected-to designation(s), the objecting party may apply to the Court for an order changing, removing, or reviewing the designation. Any such application to the Court will be made in strict compliance with Local Rules 36-1 and 37-2 (including the Joint Stipulation requirement). In any such application, the designating party shall have the burden of demonstrating that the designation was proper under the terms of this Order. Any discovery material that has been designated "Confidential" or "Attorneys' Eyes Only" shall be treated as if properly designated until such time as the Court rules that such discovery should not be so treated.

16. All signed Agreements to be bound by the Protective Order (Exhibit A, attached hereto) including agreements executed by consultants and non-testifying experts of the parties to this litigation, shall be deemed the work product of counsel obtaining them and shall not be disclosed unless so ordered by the Court.

17. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal. Any such application shall be directed to the judge to whom the papers are directed. For motions, the parties should publicly file a redacted version of the motion and supporting papers. Neither the fact that counsel have stipulated to an under-seal filing, nor the fact that a proposed filing contains information or documents that one of the parties elected to designate as "Confidential" or "Attorneys' Eyes Only" in accordance with the terms of the protective order, is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the designated information or

- 7 -

1  documents under seal.  At the very least, the parties will need to convince the
2  Court in their application that protection clearly is warranted for the designated
3  information or documents.  For declarations with exhibits, this means making
4  the requisite showing on an exhibit-by-exhibit basis.

5  18.  Nothing herein shall be construed to affect in any way the
6  admissibility of any evidence at trial in any pretrial hearing or other
7  proceedings.

8  19.  Nothing herein shall preclude any party from asserting, if
9  applicable, the attorney-client privilege, a claim of work product protection, or
10 any other applicable privilege or protection as to any discovery material the
11 production of which is sought by any other party, or to assert any defense or
12 objection to the use of such information at trial.

13 20.  Nothing in this Order shall prevent or restrict counsel from
14 rendering legal advice to the named parties or any other parties which counsel
15 may represent with respect to this action and, in the course thereof, referring or
16 relying generally on counsel's examination of discovery material, but without
17 disclosing the specific content of any discovery material which disclosure shall
18 be contrary to the terms of this Order.

19 21.  Nothing in this Order shall be construed as authorizing a party to
20 disobey a lawful subpoena issued in another action.

### **REVOCATION OF CONFIDENTIAL STATUS**

22 22.  Any party or nonparty that has designated any discovery material
23 as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order may consent
24 that the confidential status of such discovery material be removed or revoke
25 such designation by so notifying counsel for all other parties in writing or by so
26 stating on the record at any hearing or deposition, provided that any such
27 revocation shall not prejudice or otherwise affect the right any other party may
28 / / /

- 8 -

have to designate the same discovery material as confidential or attorneys' eyes only.

23. If any designation of discovery material as "Confidential" or "Attorneys' Eyes Only" is withdrawn voluntarily or by Order of this Court, all other parties to the action shall be notified of such change.

## **INADVERTENT WAIVER**

24. The inadvertent production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney-work product and shall not be deemed a waiver of any such privilege or protection. If, after discovery materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall not make any use of the contested material and shall return to the producing party all copies thereof presently in its possession. Nothing in this provision shall be construed to prevent or restrict any party's right to object to the propriety of any other's assertion that materials are properly protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, or protection.

25. Within ninety (90) days after the conclusion of all proceedings in this action, whether by judgment, settlement, or otherwise, all documents governed by the terms of this Order and all copies of such documents not on file with the Court shall, upon written request of the producing party, be returned to counsel for the producing party at its expense, or else destroyed. Counsel and any recipient(s) shall provide written notice to the supplier of the confidential information of such return or destruction. Notwithstanding the foregoing, outside counsel for any party may retain in conformity with this Order copies of any document served or filed in this litigation, including the pretrial record.

## CONTINUING EFFECT AND JURISDICTION;
## MODIFICATION OF ORDER

26. Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Order.

27. This Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court and shall survive the termination of this action. The Court shall have continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

28. This Order may be signed in counterparts.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 5/22/09     By: /s/ Karen Vogel Weil
                        Karen Vogel Weil
                        Yanna S. Bouris

Attorneys for Plaintiff,
APPLIED MEDICAL RESOURCES CORP.


CONNOLLY BOVE LODGE & HUTZ LLP

Dated: 5/22/09     By: /s/ Bruce G. Chapman
                        Bruce G. Chapman

Attorneys for Defendant,
APPLE MEDICAL CORPORATION


IT IS SO ORDERED:

Dated: May 26, 2009     _____
                        HONORABLE ROBERT N. BLOCK
                        UNITED STATES MAGISTRATE JUDGE

- 10 -

*1* **EXHIBIT A**

*2*     I have read and understand the protective order entered in the matter of

*3* *Applied Medical Resources Corporation v. Apple Medical Corporation,* Case

*4* No. SACV 09-0072 JVS (RNBx), and agree to be bound by and abide fully with

*5* the terms of such order. I further understand that failure to abide fully with the

*6* terms of such protective order may lead to sanctions being imposed by the

*7* Court, and submit myself to the Court's jurisdiction for purposes of enforcement

*8* of the Order.

*9*

*10*                                               _____

*11*                                               Signature

*12*                                               _____

*13*                                               Name (Printed)

*14*

*15*                                               _____
Party Supplying Material

*16*

*17*                                               _____
Date

*18*

*19*

*20* 7042146
042709

*21*

*22*

*23*

*24*

*25*

*26*

*27*

*28*

- 11 -